# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10255 | **DATE** | 1/4/2013 |
| **CASE TITLE** | Snodgrass vs. Berklee College, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies without prejudice Plaintiff's application for leave to proceed *in forma pauperis* [3] and gives Plaintiff 30 days from the date of this order either to submit a new and complete application and financial affidavit or to pay the $350 filing fee. If Plaintiff does not comply with this order within that time frame, her case may be dismissed without prejudice.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* [3]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1), so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, No. 89 C 3518, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/12poverty.shtml). The HHS poverty guidelines for 2012 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $11,170.

In the employment section of Plaintiff's *in forma pauperis* application and affidavit, Plaintiff avers that she currently is unemployed. She states that her last employer was Berklee College and that she worked there from January 1996 to May 2012. The next question asks her "last monthly salary or wages," to which she responded that she was receiving $653 in weekly unemployment support, but that those payments would end in late-December 2012. Plaintiff did not, however, declare her last monthly salary. Without that information, the Court is unable to determine whether Plaintiff's annual income falls below the poverty line. Because Plaintiff's financial affidavit is incomplete, her application to proceed *in forma pauperis* [3] is denied without prejudice.

## STATEMENT

Plaintiff is given 30 days from the date of this order either to submit a new and complete application and financial affidavit or to pay the $350 filing fee. If Plaintiff does not comply with this order within that time frame, her case may be dismissed without prejudice.