**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN SNODGRASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-10255 |
| | ) | |
| BERKLEE COLLEGE OF MUSIC, | ) | Judge Robert M. Dow, Jr. |
| MASSACHUSETTS INSTITUTE OF | ) | |
| TECHNOLOGY, and BOSTON | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ann Snodgrass has sued three of her former employers — Berklee College of
Music, Massachusetts Institute of Technology, and Boston University — for, among other
things, sex discrimination and harassment in violation of Title VII of the Civil Rights Act of
1964, 42 U.S.C. § 2000e *et seq*. Defendants have moved to dismiss for lack of personal
jurisdiction [20]. For the reasons stated below, Defendants' Rule 12(b)(2) motion to dismiss is
granted.[1]

**I.      Background**

Because Plaintiff does not allege that the events underlying her claims against Defendants
have any relation to Illinois, the Court has no reason to discuss the particulars of her claims in
this order. That also means that the sole question presented by Defendants' motion is whether

---

[1] The dismissal is without prejudice to Plaintiff refiling in a district where Defendants are subject to
personal jurisdiction.

Defendants have contacts with Illinois sufficient to subject them to the general personal jurisdiction of Illinois courts.

Defendants Berklee College of Music, Massachusetts Institute of Technology, and Boston University are incorporated in Massachusetts, not Illinois. Defendants are not registered to do business in Illinois, they do not have offices in Illinois, they do not maintain a registered agent for service of process in Illinois, and they do not derive direct income from services rendered in Illinois. They do not have advertising campaigns specifically for Illinois. As nationally-recognized institutions, they naturally enroll Illinois residents, and Defendants represent that, at most, 3.5% of their students are from Illinois. Defendants have some employees with Illinois addresses, but the employees with Illinois addresses who work at Berklee College and M.I.T. do not work from Illinois. Boston University has six employees with Illinois addresses who work from Illinois on a part-time basis as "facilitators" for online classes. In addition, Boston University has an admissions representative in Illinois for approximately 30 days each year.

## II.    Legal Standard

Rule 12(b)(2) states that an action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed. R. Civ. P. 12(b)(2). Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. See *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). When determining whether Plaintiff has met her burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by Defendants' affidavits or exhibits. See *Purdue Research Foundation v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*,

304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004). In addition, any conflicts in the affidavits regarding relevant facts must be resolved in Plaintiff's favor. See *Purdue*, 338 F.3d at 782 (citations omitted). But "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

In a federal question case where a federal statute does not authorize nationwide service of process, a federal court in Illinois will have personal jurisdiction over a defendant only if it is permitted under Illinois' long-arm statute. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Thus, courts examine three "distinct obstacles to personal jurisdiction:" (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law. See *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). But because the Illinois long-arm statute authorizes personal jurisdiction to the constitutional limit, the analysis "collapse[s] into two constitutional inquiries — one state and one federal." *RAR*, 107 F.3d at 1276.

The Seventh Circuit has noted that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003), despite a cautionary pronouncement in a 1990 Illinois Supreme Court decision suggesting that the state and federal standards may not be co-extensive. See *Rollins v. Elwood*, 141 Ill. 2d 244, 274-275 (1990); see also *Hyatt Int'l*, 302 F.3d at 715 (acknowledging *Rollins*, but noting that even if hypothetically the Illinois state and federal due process standards might diverge, no basis for such a divergence existed in the case before it). In light of the Seventh Circuit's assessment in *Hyatt* and the absence of post-*Rollins* guidance from the Illinois courts as to how Illinois and federal law may differ as a practical matter in regard to personal jurisdiction, a single due process inquiry will suffice. See *Hyatt*, 302

F.3d at 715; *Kostal v. Pinkus Dermatopathology Lab., P.C.*, 357 Ill. App. 3d 381, 388 (1st Dist. 2005) (noting that the court had not located any post-*Rollins* cases finding that federal due process requirements had been met where Illinois due process requirements were not).

The federal test for personal jurisdiction under the Due Process Clause of Fourteenth Amendment authorizes a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "purposeful availment" requirement of the minimum contacts standard ensures that a non-resident defendant will not be forced to litigate in a jurisdiction as a result of random contacts with the forum or the unilateral activity of the plaintiff. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

In addition, the Supreme Court has distinguished two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-416 (1984); see also *uBID*, 623 F.3d at 425-26. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 416. If such contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." *Hyatt*, 302 F.2d at 713. On the other hand, specific jurisdiction is more limited and a plaintiff in such circumstances must show that the alleged controversy between the parties "arise[s] out of" or

4

"relate[s] to" the defendant's forum contacts in addition to establishing that minimum contacts exist. *Id.*

Finally, even if a court finds that the minimum contacts standard and the specific jurisdiction requirement have been met, the Court must also consider whether the exercise of personal jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). "Thus, courts in 'appropriate cases' may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the interstate judicial system's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and 'the shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King*, 471 U.S. at 477 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). These considerations are sometimes used to establish the reasonableness of jurisdiction in lieu of a strong showing of minimum contacts. *Burger King*, 471 U.S. at 477 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

## III.    Analysis

As mentioned above, Plaintiff does not allege that her claims relate to or arise out of Defendants' conduct in Illinois, and in response to Defendants' motion Plaintiff does not argue that the Court may exercise specific personal jurisdiction over any Defendant. See *uBID*, 623 F.3d at 426 ("a defendant's contacts with a state will often support [specific personal] jurisdiction for a claim that is sufficiently related to the defendant's activities in the state"). Plaintiff instead offers a variety of reasons why this Court has general personal jurisdiction over these Defendants:

- Plaintiff should not have to return to the "location of aggression" (presumably, Massachusetts) to bring her claims.
- Denying Plaintiff her choice of venue "would be to preemptively support the aggressors."
- We live in an interconnected world.
- Boston University has representative who spends 30 days per year in Illinois.
- Berklee College and M.I.T. make claims about "connecting to the world" on their websites.
- Berklee College's website boasts about its active alumni chapter in Chicago.
- "Chicago's role in the history of jazz * * * make[s] it an almost 'central' location for [Berklee College of Music], outside of its home campus in Boston."
- M.I.T. has a "constant and prevalent presence online."
- M.I.T's business school has an alumni group in Chicago.

When not arguing venue or discussing irrelevant affinities between the Defendants and Chicago, Plaintiff focuses on the fact that each Defendant has a public website accessible in Illinois. It is established, however, that "without more," a public website is insufficient to establish general jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). As something more, Plaintiff mentions that Defendants have alumni groups in Illinois and admit students from Illinois. Boston University has a handful of part-time employees working online from Illinois and has an admissions representative in Illinois for approximately 30 days each year.

In *Helicopteros,* the Supreme Court concluded that "'sending [the defendant's] chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from [a Texas enterprise] for substantial sums; and sending personnel to [Texas] for training' * * * were insufficient to support the exercise of jurisdiction over a claim that neither 'ar[o]se out of ... no[r] related to' the defendant's activities in Texas." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2856 (2011) (quoting *Helicopteros*, 466 U.S. at 415-16). Defendants' contacts with Illinois are far less significant than were the defendant's contacts with Texas in *Helicopteros*. Applying *Helicopteros*, then, Defendants contacts with Illinois do

not meet the "demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID*, 623 F.3d at 426.

Plaintiff suggests that the Court should apply the *Helicopteros* standard more leniently here than in commercial cases because Defendants are educational institutions. But Plaintiff is really asking for much more than a lenient application of *Helicopteros*. Because Plaintiff cannot point to any significant ongoing contacts between Defendants and Illinois, she is asking the Court to conclude that *any* nationally significant institution of higher learning should be suable for any controversy in any state, or at least in any large state with a long-arm statute that authorizes courts to exercise personal jurisdiction to the constitutional limit. After all, such institutions are bound to have public websites and alumni and recruiters around the country. But that falls well short of the mark: a national reputation and national draw does not, without much more, make a prominent institution of higher learning "at home" in foreign states. See *Goodyear*, 131 S. Ct. at 2857.

Most of Defendants' contacts with Illinois are through their alumni. But it should go without saying that alumni are not necessarily employees or agents of their institutions and their contacts are not the institution's contacts — at least not for the purposes of personal jurisdiction. A contrary conclusion would establish far too much: it cannot be that any university can be haled into court for any claim in any state where it has an alumni association. If in products liability cases the "[f]low of a manufacturer's products into the forum * * * do[es] not warrant a determination that * * * the fourm has *general* [as opposed to *specific*] jurisdiction over a defendant," *id.* at 2855 (citation omitted), then, *a fortiori*, the flow of alumni into the forum

(even clumped together in alumni associations) does not warrant a conclusion that the forum has general jurisdiction over the university that educated them.

Boston University's handful of part-time employees in Illinois does not force a different conclusion. Boston University has thousands of employees in Massachusetts. The fact that it has some part-time employees working from Illinois does not make it fair to treat the university "as present in the state for essentially all purposes." *uBID*, 623 F.3d at 426. Of course, if there is a legal controversy involving Boston University's part-time employees in Illinois arising out of their employment, an Illinois court will likely have (specific) personal jurisdiction over Boston University to resolve the controversy and related claims. But, as explained, that's not this case.

Plaintiff's other arguments, when not irrelevant, concern venue, not personal jurisdiction. For example, Plaintiff argues that her "choice of legal venue is no small matter" and so should be respected. If Defendants had moved to transfer, that would be a consideration. But if the Court cannot exercise personal jurisdiction over Defendants and Defendants move to dismiss on that basis, arguments about why venue is proper in this district are beside the point. See *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 187 (7th Cir. 1985) ("Personal jurisdiction and venue are discrete concepts that should be kept separate."); *Dubisky v. Owens*, 1986 WL 12042, at *2 n. 3 (N.D. Ill. Oct. 23, 1986) ("Diversity jurisdiction, personal jurisdiction and venue are three distinct and very different issues which should be understood by counsel before responding to a motion to dismiss."); *Day v. Corner Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 160 (D.D.C. 2011) ("[A]s legal concepts, questions of personal jurisdiction and venue are distinct. The former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while

the latter focuses on the most convenient location for litigation. Consequently, the question of venue has no bearing on the question of personal jurisdiction.") (internal citation omitted).

Finally, the Court is aware that it may transfer a case under 28 U.S.C. § 1406(a) even if it does not have personal jurisdiction over the defendants. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). In this case, however, Defendants have not moved to transfer and Plaintiff has not asked for transfer as an alternative to dismissal. In fact, Plaintiff has strongly suggested that she does *not* want to litigate in Massachusetts, which appears to be the proper venue. In these circumstances, the Court believes that it would be inappropriate to transfer the case on its own motion.

## IV.     Conclusion

For the reasons stated above, Defendants' motion to dismiss for lack of personal jurisdiction [20] is granted. The dismissal is without prejudice to Plaintiff refiling in a district where Defendants are subject to personal jurisdiction.

Dated:  July 2, 2013                          _____
                                                                    Robert M. Dow, Jr.
                                                                    United States District Judge